UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| STACEY SUE JONES, | ) |
| | ) |
| Plaintiff, | ) 1:22-CV-00052-DCLC-CRW |
| | ) |
| v. | ) |
| | ) |
| SOCIAL SECURITY ADMINISTRATION, COMMISSIONER OF, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court to consider the Report and Recommendation ("R&R") of the United States Magistrate Judge [Doc. 27] on plaintiff Stacey Sue Jones's Motion for Judgment on the Pleadings [Doc. 18] and defendant Commissioner of the Social Security Administration's Motion for Summary Judgment [Doc. 21]. For the reasons discussed below, the R&R [Doc. 27] is **ADOPTED IN PART** and **MODIFIED IN PART**. Jones's Motion [Doc. 18] is **GRANTED IN PART**, and the Commissioner's Motion [Doc. 21] is **DENIED**. The Commissioner's final decision denying Jones's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") is **REVERSED**, and Jones's case is **REMANDED** with instructions that Jones be immediately awarded SSI and that Jones's pending application for DIB benefits be considered consistent with this Order.

I.      PROCEDURAL HISTORY

Jones initiated this action to obtain judicial review of the Commissioner's decision on remand denying her applications for DIB and SSI [Doc. 3; *see* Tr. 899-925].[1]  The Commissioner filed the administrative transcript [Doc. 12], after which Jones filed a Motion for Judgment on the Pleadings [Doc. 18].  Jones argues that the Administrative Law Judge ("ALJ") erred at Step Two of the sequential evaluation process when she determined that Jones's osteoarthritis, intellectual disorder, and degenerative joint disease were not medically determinable impairments [*See* Doc. 19, pgs. 6-25; Doc. 23, pgs. 1-8].  As relief, Jones requests an immediate award of benefits or, in the alternative, a remand pursuant to Sentence Four of Social Security Act, 42 U.S.C. § 405(g) [Doc. 19, pg. 25; Doc. 23, pg. 8].  The Commissioner then filed a Motion for Summary Judgment [Doc. 21], arguing that substantial evidence supported the ALJ's Step Two findings [*See* Doc. 22, pgs. 8-25].

The Court referred the parties' motions to the United States Magistrate Judge [Doc. 20], who issued an R&R recommending that the Commissioner's decision be vacated and Jones's case remanded pursuant to Sentence Four [Doc. 27, pgs. 29-30].  That recommendation rests upon the magistrate judge's determination that the ALJ failed to apply proper legal standards in her analysis of Jones's intellectual disorder [Doc. 27, pgs. 9-16].  The magistrate judge also highlights flaws in the ALJ's analysis of Jones's other impairments that should be revisited on remand: (1) the ALJ failed to consider Jones's long-standing excoriation as evidence of obsessive-compulsive disorder [*Id.* 27, pg. 17]; (2) the ALJ gave inadequate reasons for discounting Jones's anxiety symptoms [*Id.*, pgs. 18- 21]; (3) the ALJ failed to discuss Jones's consistent subjective complaints of back,

---

[1]     The administrative transcript was filed in three parts under ECF Doc. 12 [Docs. 12-1, 12-2, 12-3].  This Order cites to "Tr.", referring to the page numbers on the bottom, right-hand corner of the transcript, which run consecutively through all three parts.

hip, knee, and joint pain or explain how Jones's obesity factored into the residual functional capacity ("RFC") [*Id.*, pgs. 22-26]; (4) the ALJ failed to consider the impact of Jones's lack of funds or insurance on her ability to access care [*Id.*, pg. 26]; and (5) the ALJ failed to consider whether absenteeism limitations were warranted based on Jones's mental health impairments [*Id.*, pgs. 27-28]. And the magistrate judge recommends that a remand is the more appropriate disposition because the evidence of disability is not overwhelming [*Id.*, pgs. 28-29].

Jones filed a Request to Modify, requesting that the Court adopt the R&R as to its findings of error but modify the nature of the remand to an immediate award of benefits [Doc. 28]. The Commissioner filed a Response, arguing that Jones's request is not a proper objection and, alternatively, an immediate award of benefits is not warranted [Doc. 29].

## II.     LEGAL STANDARD

The Court reviews de novo those portions of the R&R to which proper objections are made. Fed.R.Civ.P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). The Court may otherwise adopt uncontested findings and rulings. *Brown v. Bd. Of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). And the Court may "accept, reject, or modify, in whole or in part," the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

## III.    ANALYSIS

### A.     Unobjected-to Portions of the R&R

Neither party objects to the R&R's findings of error in the ALJ decision and recommendation that the decision be reversed and remanded under Sentence Four [*See generally* [Docs. 28, 29]. The unobjected-to portions of the R&R are therefore **ADOPTED**. *See Brown*, 47 F. Supp. 3d at 674.

### B. Immediate Award of Benefits

Jones requests that the Court modify the R&R to immediately award disability benefits [Doc. 28, pg. 1]. Jones argues that an immediate award of benefits is warranted because: (1) her application has been pending for several years; (2) the ALJ erred in analyzing the evidence, repeating the grounds upon which she moved for judgment on the pleadings; (3) the record is adequately developed concerning her impairments; and (4) the evidence of her physical pain overwhelmingly establishes her inability to perform work at even the light exertional level [Doc. 28, pgs. 1-10]. The Commissioner responds that Jones's request is not a proper objection because it fails to identify an error in the R&R [Doc. 29, pg. 2]. Alternatively, the Commissioner argues that Jones failed to establish that there is overwhelming evidence of disability [Doc. 29, pgs. 2-5].

The Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). However, "[a] judicial award of benefits is proper only where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Sec'y of Health & Hum. Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

The Court disagrees with the Commissioner that Jones has not put forth a valid objection to the R&R. A proper objection is one that "explains and cites specific portions of the report which [the plaintiff] deems problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alterations and internal quotation marks omitted). Although not framed in terms of error, Jones's Request can be understood to cite as error the magistrate judge's rejection of Jones's primary request for relief and give reasons for why the magistrate judge should have reached the opposite conclusion.

However, several of Jones's arguments fail to engage with the basis for the magistrate judge's conclusion: "there is just enough contrary evidence to prohibit proof of disability from

4

being overwhelming in this matter" [Doc. 27, pg. 29]. The length of time the application has been pending, ALJ's failure to apply proper legal standards, and the completeness of the medical record are irrelevant to the key issue of whether proof of disability is overwhelming. That leaves Jones's assertion that the evidence of her physical impairments is so strong as to preclude work at the light exertion level, which would automatically require a finding of disabled [Doc. 28, pgs. 7, 10 (citing 20 C.F.R. pt. 404, Subpt. P., App. 2 § 201.09)].

Jones's remaining argument is premised upon the significance of evidence of her knee impairment from Matthew Higgins, MD [Doc. 28, pg. 10]. Jones visited Dr. Higgins on June 2, 2021, reporting significant knee pain after she twisted her knee while walking two months earlier [Tr. 2566]. X-ray testing showed bilateral knee varus degenerative joint disease and a complete loss of the medial joint space [Tr. 2568]. Based on that evidence, the ALJ found that Jones would be limited to light work with no more than four hours standing and walking from June 2, 2021 onwards [Tr. 906, 918].

The ALJ's own findings would dictate the outcome of the case. Success on an SSI application depends on whether the claimant can establish disability on or before the date of the ALJ decision. *See* 20 C.F.R. § 416.335; *Koster v. Comm'r of Soc. Sec.*, 643 F. App'x 466, 478 (6th Cir. 2016). By the time the ALJ issues a new decision, Jones will be at least 55 years old [Tr. 192, 1316]. She will therefore qualify as an individual of "advanced age." 20 C.F.R. § 404.1563(e). This, coupled with her 6th-grade education and unskilled work experience, automatically makes her eligible for disability [Tr. 986, 1007, 1153, 1381; *see* SSR 20-01p, 85 FR 13692-02, at *13694 (Mar. 9, 2020); 20 C.F.R. pt. 404, Subpt. P., App. 2 § 202.01].

The same cannot be said, however, of Jones's DIB application. For that, the evidence must overwhelmingly establish that Jones was disabled on or before her date last insured—December

5

31, 2020 [Tr. 901, 942; *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988)]. The Court lacks the medical expertise to say that the condition of Jones's knee on or before December 31, 2020 is accurately reflected in her June 2, 2021 x-ray. The Court also lacks the expertise to derive from the x-ray functional limitations going as far back as December 31, 2020, especially when the accompanying pain symptoms were precipitated by a fall which occurred in April 2021 [Tr. 2566]. *See Anita Lynn H.J. v. Comm'r of Soc. Sec. Admin.*, No. 3:21-cv-025, 2022 WL 10686665, at *5 (S.D. Ohio June 23, 2022).

Nor is evidence corroborating the severity of Jones's subjective pain symptoms as overwhelming as she suggests. *See Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989). Notably, Jones's physical examination results of her musculoskeletal and neurological systems from 2018 through 2020 were largely unremarkable [*See* Tr. 1481, 1484, 1490, 1493, 1496; *see also* Tr. 728, 737, 2018, 2026, 2074, 2083, 2090, 2104]. By contrast, only two physical examinations document abnormal findings with respect to Jones's hands and lower extremities: one describing "mild" knee crepitation and thickening of the distal interphalangeal joints [Tr. 1499]; and another describing pain with left wrist range of motion [Tr. 1487]. And the state agency consultants all found Jones's physical impairments non-severe [Tr. 61-62, 89-90, 1045-46, 1080-81]. The Court recognizes that the lack of objective evidence documenting Jones's physical impairments is due largely to a lack of insurance and means with which to afford care. That omission could have (and perhaps should have) been addressed by an order that Jones undergo a physical evaluation at the Commissioner's expense. *See* 20 C.F.R. §§ 404.1519a(b), 404.1520b(b)(2)(iii). The ALJ is strongly encouraged to exercise their discretion to do so or else give well-articulated reasons for why a consultative examination is not necessary. Jones's Request

6

is therefore **SUSTAINED IN PART** as to her SSI application and **OVERRULED IN PART** as to her DIB application.

IV.     CONCLUSION

For the reasons discussed above, Jones's Request [Doc. 28] is **SUSTAINED IN PART** and **OVERRULED IN PART**. The R&R [Doc. 27] is **ADOPTED IN PART** as to the magistrate judge's findings of error in the ALJ decision and recommendation that Jones's case be remanded for a new decision regarding her DIB application. The R&R is **MODIFIED IN PART** to include an instruction that upon remand the Commissioner must immediately award Jones SSI benefits.

Jones's Motion [Doc. 18] is **GRANTED IN PART**, and the Commissioner's Motion [Doc. 21] is **DENIED**. The Commissioner's final decision denying Jones's applications for DIB and SSI are **REVERSED** and Jones's case is **REMANDED** with instructions that Jones be immediately awarded SSI and that a new decision issue with respect to her DIB application consistent with the R&R's findings and this Order.

   **SO ORDERED:**

s/Clifton L. Corker  
United States District Judge
