UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| STACEY SUE JONES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMISSIONER OF SOCIAL ) <br> SECURITY ADMINISTRATION, ) <br> ) <br> Defendant. ) | No. 1:22-CV-00052-DCLC-CRW |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Attorney's Fees pursuant to 28 U.S.C. § 2412 [Doc. 37] and memorandum in support thereof [Doc. 38]. Plaintiff asks the Court to award $12,563.00 in attorney's fees under the Equal Access to Justice Act ("EAJA") – 28 U.S.C. § 2412 – for work performed for Plaintiff in pursuit of disability benefits.

In this case, Plaintiff sought review of a denial of Social Security Disability benefits[1] [Doc. 3]. The Commissioner acknowledges that Petitioner prevailed in her action, and that EAJA fees are appropriate [Doc. 39, pg. 1]. But the Commissioner objects to both the attorney rate requested and to the number of hours billed[2] [*Id.*]. The Commissioner asks that the Court reduce the fee award to an amount not exceeding $8,463.75 [*Id.* at pg. 6].

I.  **BACKGROUND**

On March 11, 2022, Plaintiff filed a Complaint [Doc. 3], seeking review of the Commissioner's final decision denying Plaintiff's application for disability insurance benefits. Plaintiff filed a Motion for Judgment on the Pleadings and Memorandum in Support [Docs. 18,

---

[1] The named Defendant in such actions is the Commissioner of the Social Security Administration, referred to in this opinion as "the Commissioner."

[2] The Commissioner does not object to Plaintiff's requested paralegal hourly rate, nor to the total of 1.5 hours billed.

19], and the Commissioner filed a competing Motion for Summary Judgment and Memorandum in Support [Docs. 21, 22]. The Court issued a Memorandum Opinion [Doc. 35] granting Plaintiff's motion, denying the Commissioner's motion, and remanding the case to the Commissioner pursuant to 42 U.S.C. § 405(g). Plaintiff's counsel now seeks an award of attorney's fees under 42 U.S.C. § 406(b) [Doc. 32].

II.     POSITIONS OF THE PARTIES

Plaintiff's counsel asserts that: 1) Plaintiff is the prevailing party; 2) the position of the Commissioner is not substantially justified; 3) this motion for EAJA fees was timely filed; and 4) Plaintiff is entitled to attorney's fees in this case [Doc. 38, pgs. 1–4]. In support of the motion, Plaintiff's counsel submitted the following itemized list of hours expended by counsel and a paralegal on Plaintiff's case:

| Year | Rate | Hours | Total |
|---|---|---|---|
| 2021 | $200.00 | 2.75 | $550.00 |
| 2022 | $215.00 | 53.00 | $11,395.00 |
| 2023 | $226.00 | 2.25 | $508.50 |
|  |  | **TOTAL** | **$12,453.50** |

[Doc. 38, pg. 5]. Counsel also seeks compensation for 1.5 hours of paralegal time at $55 per hour, to which the Commissioner does not object [*Id.*; Doc. 39, pg. 1]. The total request is $12,536.00.

The Commissioner objected to Plaintiff's counsel's request based on the hourly rates that he charged and the total number of hours that he billed [Doc. 39, pgs. 2, 3]. The Commissioner also notes that Plaintiff's counsel failed to file any affidavit regarding counsel's experience or credentials, nor did he file a fee agreement and assignment covering EAJA fees [Doc. 39, pg. 1, fn.1].

III.    ANALYSIS

The Equal Access to Justice Act (EAJA) authorizes a prevailing party to seek attorney's

2

fees in a civil action against the federal government. Within thirty days of final judgment, the prevailing party must apply for fees and other expenses. 28 U.S.C. § 2412(d)(1)(B). "[A] court may award reasonable fees and expenses of attorneys," and "[t]he United States shall be liable for such fees and expenses . . . ." *Id*. at (b); *see also Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016) ("[T]he United States must pay fees awarded under the EAJA out of government funds.") (internal citations omitted). There is no dispute that Plaintiff's counsel is entitled to an award of attorney's fees in this case. The only issue here is determining a reasonable amount for those fees.

> In contemplating what constitutes "reasonable attorney fees," the EAJA provides that:
>
> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). A plaintiff requesting an increased hourly rate bears the burden of producing "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (internal quotations omitted).

Here Plaintiff's counsel has not provided the Court with any information about his years of experience, reputation, or whether his rates are in line with those prevailing in the community for similar services. As the Commissioner notes, this Court recently approved an adjusted hourly rate set forth in § 2412(d)(2)(A) with a cost-of-living increase for 2022 to an hourly rate of $206.00 [Doc. 39, pg. 2] (citing cases). The Court will utilize that hourly rate for counsel's hours for 2022.

In *Cook v. Barnhart*, 246 F. Supp. 2d 908 (E.D. Tenn. 2003), the Court in making cost-of-

3

living adjustments started with the annual Consumer Price Index (CPI) for the previous year, divided by 100.3, and multiplied that number by the base statutory hourly rate of $125.00 to arrive at the annual cost of living adjustment. The Commissioner used the annual CPI for 2022 of 179.294 based on the Bureau of Labor Statistics website.[3] Using the formula from *Cook*, the Commissioner is correct that the rate for 2023 should be $223.00. Plaintiff does not present any evidence that would otherwise alter that calculation. The Court will utilize that rate for counsel's hours expended in 2023.

The next issue is the number of hours billed. The Commissioner argues that Plaintiff's counsel has not provided sufficient evidence to justify the hours expended. First, counsel itemized 2.5 hours to prepare the *in forma pauperis* motion and 1.5 hours to prepare the complaint. The Commissioner contends that counsel should not have spent more than 1.0 hour on either of those tasks. In support, the Commissioner notes that the complaint in this case was virtually identical to the one he filed for Plaintiff in 2019, save for a couple of added paragraphs about procedural history. Second, counsel itemized 12 hours to review the transcript. The Commissioner notes, however, that counsel already reviewed – and had already been compensated for reviewing 900 pages – of the same transcript in 2019. It asks for a four-hour reduction to eight hours. Third, counsel itemized 29.5 hours for drafting her brief. But, as the Commissioner notes, this was not a novel or especially complex case. The focus was on the severity of Plaintiff's impairments and her residual functional capacity. Counsel also billed 1.0 hours for filing the motion, which is not compensable under the EAJA. Based on these considerations, the Commissioner asks the Court to reduce the 29.5 hours billed for brief writing to 19.5 hours. Finally, counsel itemized one-half

---

[3] Available at:
https://data.bls.gov/timeseries/CUURN300SA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true

hour spent on drafting and filing an extension motion [Doc. 38-1, pg. 2]. Time spent on obtaining extensions generally is not compensable. The bottom line for the Commissioner is that 17.5 hours should come off the 55.75 hours of attorney time billed in 2022, leaving a total billable time of 38.25 hours for 2022.

Regarding the preparing and filing of the initial complaint and motion *in forma pauperis*, Counsel billed 4.0 hours. The Court finds 2.0 hours reasonable in this case. Counsel already prepared a similar Complaint and made very few changes. Counsel billed 12 hours to review the transcript. The Commissioner argues eight (8) should be the maximum. The Court declines to reduce the time for transcript review by four hours. Given that counsel had already reviewed a significant part of the record, twelve hours is excessive. The Court acknowledges that transcript review is often the most important part of case preparation and the Commissioner acknowledges the record contained over 1,700 additional pages. Ten hours is therefore a reasonable amount of time to spend reviewing the transcript. On time for brief preparation, counsel billed 29.5 hours. The Commissioner argues only 19.5 should apply. Here, the Court agrees. This case presented no novel issues and only dealt with the severity of the impairment and her residual functional capacity. These issues are routine in cases of this kind. Counsel should have reasonably completed that brief in under twenty hours. On the time spent filing for an extension, the Court agrees that another 0.5 should come of his total hours.

Thus, the Court will reduce the hours expended by 14.5 hours, reducing his total for 2022 from 55.75 to 41.25, at a rate of $206.00. That totals $8,497.50 for attorney's fees in 2022. For 2023, 2.25 hours times the hourly rate of $223.00 totals $501.75. Finally, 1.5 hours of paralegal time at the rate of $55.00 per hour, yields a total of $82.50. 2021 is left unchanged.

| Year | Hourly Rate | Hours Approved | Total |
|---|---|---|---|
| 2021 | $200.00 | 2.75 | $550.00 |
| 2022 | $206.00 | 41.25 | $8,497.50 |
| 2023 | $223.00 | 2.25 | $501.75 |
| Paralegal | $55.00 | 1.5 | $82.50 |
|  | **TOTAL** |  | $9,631.75 |

## IV.   CONCLUSION

Based upon the foregoing, Plaintiff's Motion for Approval of Attorney Fees [Doc. 37] is **GRANTED**. It is **ORDERED** that attorney's fees in the amount of $9,631.75 be payable to Plaintiff's counsel under 28 U.S.C. § 2412(d)(1)(B).

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge